IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SANTIAGO DIAZ, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:18-cv-1426-SMY-RJD |
| KEVIN KINK, et al., | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Santiago Diaz, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center ("Lawrence"). Plaintiff alleges he was provided inadequate medical treatment for an injury he incurred to his right hand while working in the dietary department at Lawrence. Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A and he was allowed to proceed on the following claim:

> Count Two: Eighth Amendment deliberate indifference claim against Jane Doe Nurses #1-2 and PA Blanchard for delaying and denying adequate medical care for Plaintiff's broken hand and failing to provide him with surgery.

Warden Kink was added as a party only in his official capacity for the purpose of carrying out any injunctive relief to which Plaintiff may be entitled.

Following the filing of his complaint, Plaintiff was assigned counsel. Plaintiff, through assigned counsel, now seeks to amend the complaint. Plaintiff's Amended Motion for Leave to File First Amended Complaint (Doc. 37) is now before the Court. Defendants have not responded.

Plaintiff indicates he seeks to amend his complaint to identify Jane Doe #1 as Claudia G. Dowty and Jane Doe #2 as Jeanie L. Stephens. Plaintiff also seeks to name the Director of the IDOC in his official capacity only, for purposes of carrying out any injunctive relief that cannot be performed by the Warden of Lawrence, and seeks to substitute Deanne Brookhart, the acting Warden of Lawrence, for Kevin Kink.

Plaintiff also seeks to add additional Eighth Amendment claims against Lt. Jana Carie, James Berkes, PA-C, Wexford Health Sources, Inc., The Carle Foundation, and the IDOC.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) (quoting *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985)) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence."). A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

At the outset, the Court finds that Plaintiff's motion to amend was not unduly delayed, will not unfairly prejudice defendants, and was not brought with dilatory motive. Insofar as Plaintiff seeks to identify Jane Does 1 and 2, add John Baldwin in his official capacity, and substitute

Deanna Brookhart for Kevin Kink, his motion is **GRANTED**.

With regard to Plaintiff's request to add Lt. Jana Carie, James Berkes, PA-C, Wexford Health Sources, Inc., The Carle Foundation, and the IDOC as defendants under a theory of deliberate indifference, the Court finds as follows.

Plaintiff alleges Lt. Jana Carie failed to ensure Plaintiff had a Spanish/English interpreter after escorting him to the healthcare unit after sustaining his hand injury. The Court finds that these factual allegations fail to substantiate an Eighth Amendment deliberate indifference claim against Carie. Indeed, the allegations do not substantiate any inference that Carie had any knowledge that her actions would place Plaintiff at a substantial risk of serious harm. As such, Plaintiff's claim of deliberate indifference against Carie is futile and he shall not be allowed to proceed on the same.

Plaintiff will also not be allowed to proceed on his deliberate indifference claim against James Berkes and The Carle Foundation. To state a claim under § 1983, a plaintiff must establish that a person acting under color of state law violated his constitutional rights. *See West v. Atkins*, 487 U.S. 42, 49 (1988). Plaintiff cannot proceed with a federal claim under § 1983 against a non-state actor. *Am. Mrfs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). The Seventh Circuit has emphasized that "[t]his requirement is an important statutory element because it sets the line of demarcation between those matters that are properly federal and those matters that must be left to the remedies of state tort law." *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 822-23 (7th Cir. 2009). The focus of the court's analysis is on the particular function of the medical provider "in the fulfillment of the state's obligation to provide health care to incarcerated persons." *Id.* at 825.

Under the public function test, district courts must consider the relationship between the

state, the health care provider, and the prisoner. *Id.* at 826. For example, when a physician is employed by the state to provide medical services to state prison inmates, that physician is considered a "state actor" whose conduct is "fairly attributable to the State." *Id.* at 824 (quoting *West*, 487 U.S. at 54). Also, a contractual relationship between the state and the health care provider, although not determinative, is "an important factor in determining whether the private health care provider has entered into its relationship with the state and the prisoner on a *voluntary* basis." *Id.* at 827 (emphasis in original). If so, the private provider accepts responsibility to perform duties "in conformity with the Constitution." *Id.* Additionally, courts consider the relationship between the provider and the inmate. To qualify as a state actor, the physician's relationship with the inmate must be direct, not attenuated. *Id.* at 828. An "incidental and transitory relationship with the state's penal system" or the prisoner is generally not considered voluntary. *Id.* at 827-28. Incidental or transitory relationships often arise in the context of treatment at a hospital emergency room. *Id.*

Here, the allegations against Berkes and The Carle Foundation do not demonstrate they were acting under color of state law. Indeed, there is no evidence of an ongoing contractual relationship between the state and either Berkes or The Carle Foundation. Plaintiff alleges he only went to one furlough appointment at Carle Orthopedics where he was examined by Berkes. Based on these allegations, the Court cannot find that either Berkes or The Carle Foundation had more than an incidental and transitory relationship with the state's penal system. Plaintiff will not be allowed to proceed on his deliberate indifference claim against Berkes and The Carle Foundation on the basis of futility.

Plaintiff shall be allowed to proceed against Wexford Health Sources, Inc. and the IDOC for their alleged implementation and maintenance of unconstitutional policies and practices that

resulted in the provision of inadequate medical treatment for Plaintiff's hand injury.

For the foregoing reasons, Plaintiff's Motion for Leave to File Plaintiff's Amended Complaint (Doc. 37) is **GRANTED IN PART AND DENIED IN PART**.

Plaintiff is **DIRECTED** to file his amended complaint, omitting the allegations and claims against Lt. Jana Carie, The Carle Foundation, and James Berkes, PA-C, by **September 23, 2019**.

**IT IS SO ORDERED.**

**DATED: September 17, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**