IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SANTIAGO DIAZ,            ) | |
|           ) | |
|  Plaintiff,               ) | |
|           ) | |
| v.                          ) | |
|           ) | Case No.   18-cv-1426-RJD |
| JOHN BALDWIN, P.A. BLANCHARD, DR. ) | |
| DEANNA BROOKHART, CLAUDIA G.   ) | |
| DOWTY, JEANIE L. STEPHENS,      ) | |
| WEXFORD HEALTH SOURCES, INC., and ) | |
| ILLINOIS DEPARTMENT OF         ) | |
| CORRECTIONS,                  ) | |
|           ) | |
|  Defendants.           ) | |

**ORDER**

**DALY, Magistrate Judge:**

  Plaintiff Santiago Diaz, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center ("Lawrence"). Plaintiff alleges he was provided inadequate medical treatment for an injury he incurred to his right hand while working in the dietary department at Lawrence. Plaintiff is proceeding in this action on an Eighth Amendment deliberate indifference claim against P.A. Blanchard, Claudia Dowty, and Jeanie Stephens. Plaintiff is also proceeding on a claim of deliberate indifference against Wexford Health Sources, Inc. and IDOC for their alleged implementation and maintenance of unconstitutional policies and practices that resulted in the provision of inadequate medical treatment for Plaintiff's hand injury. John Baldwin and Deanna Brookhart are named in their official capacity for purposes of injunctive relief.

  This matter is now before the Court on the Motion for Summary Judgment for Plaintiff's

Page **1** of **6**

Failure to Exhaust Administrative Remedies filed by Defendant Evelyn Blanchard, P.A. (Doc. 40). In her motion, Defendant Blanchard argues Plaintiff only filed one grievance related to the issues in this lawsuit and this grievance, dated August 15, 2016, did not provide notice that Plaintiff was complaining of the allegations against Blanchard. Plaintiff disagrees and asserts that the grievance was sufficient to put prison officials on notice of his complaints as to Defendant Blanchard.

In the August 15, 2016 grievance at issue (Doc. 41-2 at 6-7), Plaintiff writes that he saw a doctor on July 29, 2016 for his broken hand. Plaintiff explains he injured his hand in April 2016, but the nurse who initially examined him ignored his concerns that it may be broken and told him to go back to his job assignment. Another nurse saw him in his housing unit and told Plaintiff she did not care. Plaintiff writes that he was still in severe pain, so he put in for sick call again on July 19, 2016 and requested x-rays. When Plaintiff saw the doctor on July 29, 2016, Plaintiff remarks the doctor was surprised that Plaintiff's injury had not been treated sooner. Plaintiff explains he was sent out for an x-ray on August 8, 2016, and subsequently saw a specialist who told him there was nothing that could be done because the bone had already started to heal. In this grievance, Plaintiff requests that the two nurses who saw him be fired and that he be awarded damages for his permanent injury.

Plaintiff's counselor responded to this grievance on September 22, 2016. The Grievance Officer recommended that the grievance be denied on September 30, 2016 (*see* Doc. 41-2 at 5). The Chief Administrative Officer ("CAO") concurred on October 5, 2016, and Plaintiff appealed the decision to the Administrative Review Board ("ARB") (*see* Doc. 41-2 at 4-5). The ARB denied the grievance finding the issue was appropriately addressed by the facility administration, and the Director concurred on March 31, 2017 (*see* Doc. 41-2 at 3). There does not appear to be

any dispute that this grievance was fully exhausted.

## Legal Standards

*Summary Judgment Standard*

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

*Exhaustion Requirements*

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion

to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Inmates may further submit certain types of grievances

directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility.  *Id.* at § 504.870.

## **Discussion**

Based on the briefing of the parties and the evidence in the record, the Court finds Plaintiff's August 15, 2016 grievance was fully exhausted, and the only question is whether the grievance exhausted the claims in this lawsuit against Defendant Blanchard.

While grievances must contain factual details regarding each aspect of the inmate's complaint, including the name of each person who is the subject of or who is otherwise involved in the complaint, this condition is tempered in that an offender who does not know the name of each person who is involved in the complaint may simply describe the individual with as much detail as possible.  ILCS § 504.810(c).  The Seventh Circuit has interpreted this as requiring the inmate plaintiff to identify names only to the extent practicable.  *See Glick v. Walker*, 385 F. App'x 579, 582 (7th Cir. 2010).  Plaintiff met this obligation in this instance, articulating issues with the treatment for his hand injury.  Although the Court acknowledges Plaintiff appeared to focus his complaints on the failure of the nurses to appropriately treat his injury in April 2016, he specifically mentions seeing the "doctor" who examined him on July 29, 2016.  This is likely in reference to Defendant Blanchard and is consistent with Plaintiff's allegation that he was seen by Blanchard on July 26, 2016[1].  Further, in his request for relief, Plaintiff asks for damages for his permanent injury.  The Court finds this "damages" request can be attributed to both the nurses who delayed treatment, as well as Defendant Blanchard, who Plaintiff alleges failed to provide

---

[1] The Court acknowledges there is a slight date discrepancy in this grievance and the complaint; however, any such discrepancy is not material for purposes of this Order.

treatment, including a medical "lay in", which delayed the healing process.

## Conclusion

Based on the foregoing, the Motion for Summary Judgment for Plaintiff's Failure to Exhaust Administrative Remedies filed by Defendant Evelyn Blanchard, P.A. (Doc. 40) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: July 17, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**