IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SANTIAGO DIAZ,                                )<br>                                                              )<br>     Plaintiff,                                    )<br>                                                              )<br>     v.                                              )<br>                                                              )      Case No.   18-cv-1426-RJD<br>JOHN BALDWIN, P.A. BLANCHARD, DR. )<br>DEANNA BROOKHART, CLAUDIA G.     )<br>DOWTY, JEANIE L. STEPHENS,            )<br>WEXFORD HEALTH SOURCES, INC., and )<br>ILLINOIS DEPARTMENT OF                    )<br>CORRECTIONS,                                   )<br>                                                              )<br>     Defendants.                                )  | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Santiago Diaz, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center ("Lawrence"). Plaintiff alleges he was provided inadequate medical treatment for an injury he incurred to his right hand while working in the dietary department at Lawrence. Plaintiff is proceeding in this action on an Eighth Amendment deliberate indifference claim against P.A. Blanchard, Claudia Dowty, and Jeanie Stephens. Plaintiff is also proceeding on a claim of deliberate indifference against Wexford Health Sources, Inc. and IDOC for their alleged implementation and maintenance of unconstitutional policies and practices that resulted in the provision of inadequate medical treatment for Plaintiff's hand injury. John Baldwin and Deanna Brookhart are named in their official capacity for purposes of injunctive relief.

This matter is now before the Court on the Motion for Summary Judgment for Failure to

Exhaust Administrative Remedies filed by Wexford Health Sources, Inc. ("Wexford"), Claudia Dowty, and Jeanie Stephens[1] (Doc. 107), and the Motion for Summary Judgment filed by Deanna Brookhart and IDOC on the basis of the Eleventh Amendment and state law sovereign immunity (Doc. 109).  Plaintiff has responded to both motions.  For the reasons set forth below, the Motion for Summary Judgment filed by Wexford, Dowty, and Stephens is **GRANTED IN PART AND DENIED IN PART**, and the Motion for Summary Judgment filed by Brookhart and IDOC is **GRANTED IN PART AND DENIED IN PART**.

### Motion for Summary Judgment on Exhaustion filed by Wexford, Dowty, and Stephens (Doc. 107)

In their motion for summary judgment, Defendants Wexford, Dowty, and Stephens ("the Wexford Defendants") assert the only relevant grievance in the record, dated August 15, 2016, fails to identify them and was not filed in the timeframe required by the Illinois Administrative Code.

In his August 15, 2016 grievance (*see* Doc. 108-2), Plaintiff writes that he was seen by a doctor for his broken hand on July 29, 2016.  Plaintiff explains this stemmed from an incident in the kitchen, while he was working in April 2016.  Plaintiff asserts that immediately after the incident he was sent to the healthcare unit, but the unknown nurse told him that his hand was just bruised and sent him back to work.  Plaintiff remarks that after a month passed his pain was still severe, so he put in for sick call.  Plaintiff was seen by a different nurse who again told him his hand was only bruised, despite Plaintiff telling her the bone was sticking out of his hand.  Plaintiff writes that he again requested sick call on July 29, 2016 and requested x-rays of his right hand.  The doctor was "surprised" for the long delay in Plaintiff receiving treatment.  Plaintiff asserts he

---

[1] The Court previously denied Defendant Blanchard's motion for summary judgment on the issue of exhaustion of administrative remedies (Doc. 99).

was seen by a specialist on August 10, 2016, and the specialist told him there was nothing they could do because the bone had already started to heal. The surgeon indicated Plaintiff would have to have surgery when he was released from prison.

The counselor responded to this grievance on September 22, 2016, and the Grievance Officer recommended that it be denied on September 30, 2016. The Chief Administrative Officer ("CAO") concurred with the Grievance Officer's recommendation on October 5, 2016. The ARB received this grievance on October 10, 2016, and denied it on the merits on March 31, 2017.

In the Court's previous Order on Defendant Blanchard's motion for summary judgment on the issue of exhaustion, the Court found the August 15, 2016 was fully exhausted. The Court also found this grievance exhausted the claim against Defendant Blanchard, noting Plaintiff's reference to the doctor he saw in July 2016.

## Legal Standards

***Summary Judgment Standard***

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting

*Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

***Exhaustion Requirements***

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within

30 days to the Administrative Review Board for a final decision.  *Id.* §  504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006).   The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal.   20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer.  *Id.* § 504.840.   If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender.  *Id.*   Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility.  *Id.* at § 504.870.

## Discussion

Based on the briefing of the parties and the evidence in the record, the Court finds Plaintiff exhausted his claims against Dowty and Stephens, but failed to exhaust against Wexford prior to filing this lawsuit.

Defendant Wexford asserts the August 15, 2016 does not exhaust the claim against it because Plaintiff did not identify or grieve any issues with an alleged policy or procedure attributable to Wexford that he believed caused the purported delay or denial of adequate medical care.   Plaintiff argues Wexford was on notice of the complaints against it based on the August 2016 grievance because he complained about medical treatment and the lack thereof, Wexford employees were reacting to patient care by the same practices on separate occasions, the relief

Plaintiff sought included termination of the nurses that could not be met by any entity other than Wexford, and Wexford received actual notice of the complaint as the healthcare unit was contacted to respond to the grievance.

Although the Illinois Administrative Code provides instructions for setting forth complaints against individuals, *see* ILCS § 504.810(c) ("The grievance shall contain factual details regarding each aspect of the offender's complaint, including … the name of each person who is the subject of or who is otherwise involved in the complaint."), it makes no mention of corporate entities such as Wexford. "When the administrative rulebook is silent, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). When a Wexford policy or practice is at issue, courts have held that grieving activities for which Wexford was responsible and/or involved in the decision-making process are generally sufficient to put the prison on notice that the plaintiff was grieving a Wexford policy or practice. *See Armbruster v. Wexford Health Sources, Inc.*, Case No. 16-cv-0544-MJR-SCW, 2017 WL 2418724 at *6 (S.D. Ill. June 5, 2017) (citing *Conley v. Birch*, Case No.: 11-cv-13-MJR-SCW, 2012 WL 4202702, at *5 (S.D. Ill. Sept. 19, 2012) (other citations omitted). In this instance, Plaintiff's August 15, 2016 grievance failed to include any reference to a particular policy or practice attributable to Wexford. Indeed, Plaintiff makes no indication the nurses he saw who failed to take action did so pursuant to any policy or practice. The fact that Plaintiff's requested relief was termination of these nurses indicates Plaintiff blamed their failure to treat on the individual nurses rather than a Wexford policy. A finding that this grievance was sufficient to put the institution on notice that Plaintiff was grieving a policy or practice would be stretching any reasonable inference much too far.

Next, the Court considers whether this grievance exhausts the claims against Defendant

Nurses Dowty and Stephens. Defendant Dowty asserts the allegations in Plaintiff's complaint against her relate to her examination of Plaintiff's hand that occurred in April 2016. Defendant Stephens asserts the allegations in Plaintiff's complaint against her relate to her examination of Plaintiff that purportedly occurred on May 21, 2016. Defendants Dowty and Stephens assert that the August 15, 2016 grievance was filed more than 60 days after the actions at issue in this lawsuit and, as such, it was not timely filed pursuant to 20 ILCS § 504.810(a).

Plaintiff argues his grievance was timely filed against Dowty and Stephens because he did not discover his injuries (at the earliest) until July 28, 2016, when he learned his hand had been fractured and that failing to treat it squandered his chance at a successful repair. The Court agrees.

Pursuant to 20 ILCS § 504.810(a), "[a] grievance must be filed with the counselor or Grievance Officer … within 60 days after the *discovery* of the incident, occurrence or problem that gives rise to the grievance" (emphasis added). In this instance, Plaintiff could not have "discovered" the alleged extent of Dowty and Stephen's conduct and purported deliberate indifference until his hand was x-rayed in July 2016 and a fracture was discovered, or until he was informed in August 2016 there was no further treatment that could be provided due to the delay he received in his care. Thus, even if "discovery" occurred in July 2016, this grievance was timely filed and exhausts the claims against Dowty and Stephens.

**Motion for Summary Judgment filed by Brookhart and IDOC (Doc. 107)**

Defendant IDOC brings this motion asserting Plaintiff's claims against it are barred by the Eleventh Amendment and state law sovereign immunity. Defendant Brookhart asserts she is entitled to summary judgment because she has been unnecessarily included as a defendant as Plaintiff has also named the IDOC Director who can carry out any injunctive relief that is ordered.

*Defendant Deanna Brookhart*

In his Amended Complaint, Plaintiff requests that "Defendants be ordered and enjoined to provide Plaintiff with adequate medical care, including but not limited to surgery to treat the broken bones in Mr. Diaz's hand, examination by orthopedic specialists, and such further medical examinations and treatments as are justified by Plaintiff's serious medical needs, surgical intervention or other appropriate treatment for his broken bones, and such medications as are warranted by Plaintiff's serious medical needs" (*see* Doc. 45).  Related to said relief, Plaintiff named Deanna Brookhart, the Warden of Lawrence, and John Baldwin[2], the IDOC Director, as defendants in their official capacities to carry out any ordered injunctive relief.

Defendant Brookhart contends she is duplicative and need not be named a defendant in this lawsuit as Director Jeffreys can implement and cause to implement any order for injunctive relief. In other words, Brookhart asserts she is an unnecessary defendant and causes needless duplication of efforts.  Plaintiff disagrees.  Plaintiff asserts the proper parties in a claim for injunctive relief include the supervisory government officials who would be responsible for ensuring injunctive relief is carried out, and a warden is a proper party when a prisoner seeks injunctive relief.  *See Tolentino v. Baker*, 679 F. App'x 503, 504 (7th Cir. 2017).

Defendant Brookhart failed to cite any authority for her position that she is entitled to summary judgment because the IDOC Director has also been named in his official capacity for purposes of carrying out injunctive relief.  While they both may be able to implement an order for injunctive relief, Plaintiff correctly notes that other cases have included multiple defendants, including a warden and the IDOC Director, for purposes of injunctive relief.  *See Johnson v.*

---

[2] Rob Jeffreys is now the IDOC Director and is automatically substituted for John Baldwin pursuant to Federal Rule of Civil Procedure 25.

*Randle*, No. 10-cv-0135-MJR-SCW, 2012 WL 1964996, at *11 (S.D. Ill. May 31, 2012) (allowing the plaintiff to proceed on an Eighth Amendment claim against various officials, including the IDOC director and the Warden of Menard). Accordingly, Defendant Brookhart's motion for summary judgment is denied.

### *Defendant IDOC*

IDOC asserts it is an improper party to the lawsuit because it is not a person and liability under § 1983 is predicated on a defendant's personal involvement in a constitutional deprivation. IDOC also argues the Eleventh Amendment bars a suit for damages against a state or its agencies in federal court.

Generally, Plaintiff asserts Defendant's motion must be denied because it fails to comply with the procedures mandated in Federal Rule of Civil Procedure 56 and Local Rule 7.1. More specifically, Plaintiff argues paragraphs 6-10 of Defendants' Undisputed Material Facts are not supported by any citations to admissible evidence.

Although IDOC's motion is characterized as a motion for summary judgment and fails to comply with Federal Rule of Civil Procedure 56, the Court finds it may consider dismissal of IDOC under Rule 12(b)(6). *See Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987) ("this circuit permits *sua sponte* dismissals based on Rule 12(b)(6), 'so long as a sufficient basis for the court's action is apparent from the plaintiff's pleading.'") (quoting *Doe on Behalf of Doe v. St. Joseph's Hosp.*, 788 F.2d 411, 414 (7th Cir. 1986)).

Plaintiff cannot maintain his suit against Defendant IDOC for money damages because it is a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh

Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state department of corrections is immune from suit by virtue of Eleventh Amendment). The Court notes, however, that Plaintiff also seeks injunctive and declaratory relief. Plaintiff will not be allowed to proceed on these claims because there is no basis to hold IDOC liable for the purported unconstitutional action related to its alleged implementation and maintenance of unconstitutional policies and practice as *Monell* is not applicable to states or states' departments, such as IDOC. *Joseph v. Bd. of Regents of Univ. of Wisconsin Sys.*, 432 F.3d 746, 748-49 (7th Cir. 2005) ("The Court has been clear, however, that *Monell's* holding applies only to municipalities and not states or states' departments.") (citation omitted). *See also Thomas v. Walton*, 461 F.Supp.2d 786, 799 (S.D. Ill. Sept. 19, 2006) ("The Eleventh Amendment does not preclude an official capacity suit seeking injunctive relief against a state official, provided the relief sought is prospective and is based on the unconstitutionality of the official's actions.").

## Conclusion

Based on the foregoing, the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants Wexford Health Sources, Inc., Claudia Dowty, and Jeanie Stephens (Doc. 107) is **GRANTED IN PART AND DENIED IN PART**, and the Motion for Summary Judgment filed by Defendants Deanna Brookhart and IDOC (Doc. 109) is **GRANTED IN PART AND DENIED IN PART**.

Defendant Wexford Health Sources, Inc. is **DISMISSED WITHOUT PREJUDICE** and Defendant Illinois Department of Corrections is **DISMISSED WITH PREJUDICE**.

Plaintiff shall proceed in this matter on an Eighth Amendment deliberate indifference claim against Defendants Blanchard, Dowty, and Stephens. Director Jeffreys and Warden

Brookhart are named in their official capacity for purposes of injunctive relief.

**IT IS SO ORDERED.**

**DATED: April 14, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly
United States Magistrate Judge**
