IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SANTIAGO DIAZ,                                  )
                                                )
        Plaintiff,                              )
                                                )
        v.                                      )          Case No.   18-cv-1426-RJD
                                                )
EVELYN BLANCHARD, et al.,                        )
                                                )
        Defendants.                             )

## ORDER

**DALY, Magistrate Judge:**

Plaintiff Santiago Diaz is an inmate in the custody of the Illinois Department of Corrections.   Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.   Defendants were granted summary judgment on February 13, 2023, and judgment was entered accordingly.

Now pending before the Court is the Bill of Costs filed by Defendants Blanchard, Dowty, and Stephens (Doc. 154).   Defendants seek to have Plaintiff pay $3,221.90 for deposition transcripts and copies used in defending the case.   Plaintiff, through counsel, filed an objection asking that the Court deny Defendants' costs, citing his indigency.   Plaintiff also contends certain costs sought by Defendants are improper insofar as the costs were not necessarily used for this litigation or are improper.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs — other than attorney's fees — should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise.   Recoverable costs under 28 U.S.C. § 1920 include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts

Page **1** of **6**

necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services.  28 U.S.C. § 1920(1)-(6).  "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise."  *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

First, Plaintiff asserts the entirety of Defendants' Bill of Costs should be denied based on his indigency.   Plaintiff asserts that he proceeded in this action *in forma pauperis*, and this is proof of his indigency.   Plaintiff also asserts he is currently unemployed and incarcerated.   The denial of costs may be warranted if the losing party is indigent and has no ability to pay.  *Id.*   To deny a bill of costs on the grounds of indigence, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court imposed costs at this time or in the future.'" *Id.* at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994)).   "The burden is on the losing party to provide the district court with sufficient documentation to support such a finding." *Id.* (internal quotations omitted).

The Court finds Plaintiff has not proved his complete inability to pay based on indigency. Although Plaintiff asserts he proceeded in this action *in forma pauperis*, this statement is incorrect. Plaintiff's motion for leave to proceed *in forma pauperis* was denied by the Court (Doc. 5). Following the filing of his response to Defendants' Bill of Costs, however, Plaintiff sought and was granted leave to appeal *in forma pauperis* (Docs. 166, 170).   In his motion for leave to appeal *in forma pauperis*, Plaintiff provided the Court with information concerning his assets and expenses.   Plaintiff also provided the Court with a Trust Fund Statement from Robinson

Page **2** of **6**

Correctional Center that reflects a balance of $486.48 as of March 22, 2023 (*see* Doc. 166 at 7). This balance reflects a limited, but not full inability to pay properly assessed costs in this matter. As such, the Court does not find that Plaintiff met his burden in demonstrating he is incapable of paying costs at this time or in the future.

The undersigned next considers Plaintiff's objections to specific costs. Plaintiff first contends that Defendants have not shown the deposition of Joann Reagan that amounted to $1,449.23 was necessarily used for the litigation of this case as Defendants did not cite any of Regan's testimony in their summary judgment motion. "The introduction of a deposition in a summary judgment motion or at trial is not a prerequisite for finding that it was necessary to take that deposition." *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 455 (7th Cir. 1998) (citations omitted). "The proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court." *Id.* (quoting *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995). A review of Defendants' motion for summary judgment establishes that, contrary to Plaintiff's contention, Reagan's deposition was cited twice in support of statements made therein. While the Court has limited information from the parties concerning the necessity of this deposition beyond its own review of the motion for summary judgment, the Court finds Plaintiff's argument is not sufficiently supported by the record so as to bar recovery of Joann Reagan's deposition costs. However, the Court agrees with Plaintiff that the late fee of $189.03 included in this deposition total of $1449.23 is not recoverable and Defendants may only recover the deposition total of $1260.20 (the Court will address other costs included and disputed in this total below).

Plaintiff further objects to various additional costs included for photocopying, e-transcripts, and excessive fees. The Court has considered each argument and finds as follows:

Page **3** of **6**

1. Defendants are not entitled to recover reimbursement for electronic transcripts for the depositions of Salhani, Dowty, Stephens, and Fillman in the amount of $25 each (for a total of $75.00).   Defendants are also not entitled to recover costs of $42.60 for "Remote Proceeding Pages" for the Joann Reagan deposition.   A prevailing party may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."   28 U.S.C. § 1920(2).   However, costs for electronic copies or "e-transcripts" are not recoverable, nor are delivery or handling costs.   *First Midwest Bank v. City of Chicago*, 337 F.Supp.3d 749, 785 (N.D. Ill.) (citations omitted) (reversed on other grounds).

2. Defendants are not entitled to recovery for costs of exhibits amounting to $16.50 in the Joann Reagan deposition and $11.70 in the Terry Fillman deposition.   Plaintiff asserts, and Defendants have not disputed, that said exhibits were equally in the possession of each party and, in that circumstance, the cost of transcribing exhibits is not permitted. *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 456 (7th Cir. 1998).

3. Defendants may recover the per page costs of Joann Reagan's deposition.   Plaintiff cites to *Cengr* in support of his proposition that the transcript costs in this case must be limited to $3.65 per page, so as not to exceed the regular copy rate established by the Judicial Conference of the United States.   In *Cengr*, the Seventh Circuit limited the transcript per page costs; however, in doing so, it relied on Local Rule 45(B) of the Northern District of Illinois, which specifically limits transcript rates as urged by Plaintiff here.   There is no such Local Rule in this District, and Plaintiff has failed to provide authority that the undersigned must limit the rate without a rule dictating the same.   As such, Defendants will be allowed to recover the cost of the Reagan

deposition as billed.

4.  Defendants may recover the reporter appearance fee in the amount of $120.00 for the deposition of Joann Reagan. *See Doe v. Loyola University Chicago*, Case No. 18-cv-7335, 2023 WL 3074676, at *1 (N.D. Ill. April 25, 2023) ("Reasonable court reporter attendance fees are recoverable under section 1920(2)" even if they are not specifically mentioned in the statute).

5.  Defendants may not recover the "litigation technology, support and security management" fee of $55 assessed in the deposition of Joann Reagan. Said fee is not specifically included in § 1920(2) and the Court finds no support for recovery of the same.

6.  Defendants may recover the $25.00 "reserved signature fee" for the deposition of Evelyn Salhani. *See Hillmann v. City of Chicago*, 04-C-6671, 2017 WL 3521098, at *5 ("the Court finds that costs for signature procurement in connection with a deposition are reasonable and necessary.").

7.  Defendants have not sufficiently supported their request for copies amounting to $27.00. While copies are certainly recoverable under § 1920, there is no indication that the copies for which costs are sought for materials that were necessarily obtained for use in this case.

Based on the foregoing, the Court finds the total amount of recoverable costs sought by Defendants is $2,805.07. The Court, however, also considers Plaintiff's ability to pay based on his argument of indigency. While the undersigned reiterates the finding that Plaintiff failed to establish his total inability to pay, it is apparent that due to his limited monthly income and continued incarceration, he is unable to pay the total amount of $2,805.07 either now or in the

future.   As such, the Court reduces the amount of costs to $97.30.   This amount represents 20% of Plaintiff's trust fund account balance close to the time judgment was entered and his objection to Defendants' Bill of Costs was filed.   The Court finds this amount reasonable under the circumstances.   The Court **ORDERS** an award of costs in the total amount of $97.30 to Defendants, and the Clerk of Court shall tax costs in this amount against Plaintiff.

Finally, the Court notes there is a pending appeal in this matter.   It is well established that "a district court may award costs even while the substantive appeal is pending."   *Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1260 (7th Cir. 1994).   Accordingly, the pending appeal has no effect on the undersigned's ability to address the Bill of Costs before it.

**IT IS SO ORDERED.**

**DATED: June 30, 2023**

*s/* *Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**

Page **6** of **6**